United States District Court
Southern District of Texas

**ENTERED**

May 28, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| JUDY MARTINEZ-DE MANSILLAS, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-26-816 |
| RANDY TATE, *et al.*, | § § § | |
| Respondents. | § § § § | |

**ORDER**

The petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. After considering the petition, the response, and the relevant law, the court granted the petition in part and ordered the respondents to provide the petitioner with a bond hearing. The petitioner now argues that the bond hearing did not comply with the requirements imposed by this court's order and the Due Process Clause. The motion to enforce must be denied, however, because district courts do not have jurisdiction to review discretionary decisions made by an immigration judge regarding bond. *See* 8 U.S.C. § 1226(e); *Fuentes v. Lyons*, 808 F. Supp. 3d 733, 737 (S.D. Tex. 2025) ("[D]istrict courts do not have jurisdiction to review discretionary decisions made by an immigration judge regarding bond"); *Hernandez-Gabriel v. Tate*, No. CV H-25-5687, 2026 WL 161192, at \*4 (S.D. Tex. Jan. 20, 2026) ("To the extent that [the petitioner] seeks to challenge the correctness of the immigration judge's rulings that she lacked jurisdiction or that he is a flight risk, this Court has no jurisdiction to entertain his claims."). Although the court retains jurisdiction over constitutional claims, the court does not see that the petitioner's allegations about the

deficiencies in the bond hearing rise to the level of a constitutional violation.  *See Fuentes*, 808 F. Supp. 3d at 737.  The motion to enforce is denied.

SIGNED on May 28, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge